**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 11-30209 |
| Plaintiff - Appellee, | D.C. No. 6:10-cr-60117 HO |
| v. | |
| CHARLES FRANKLIN ELLISON, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Oregon
Michael R. Hogan, District Judge, Presiding

Submitted May 9, 2012[**]
Portland, Oregon

Before:    TASHIMA, TALLMAN, and IKUTA, Circuit Judges.

Charles Franklin Ellison pled guilty to an indictment charging him, among

other things, as an Armed Career Criminal.  The Armed Career Criminal Act

("ACCA") imposes a 15-year mandatory minimum sentence on a person convicted

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously finds this case suitable for decision without
oral argument.  *See* Fed. R. App. P. 34(a)(2)(C).

of being a felon in possession of a firearm who "has three previous convictions . . . for a violent felony or a serious drug offense." 18 U.S.C. § 924(e)(1). Ellison admits that his two drug convictions qualify as predicate felonies under the ACCA, but argues that his conviction for Oregon first-degree burglary, Or. Rev. Stat. § 164.225, does not. The district court rejected his argument. Reviewing de novo, *United States v. Grisel*, 488 F.3d 844, 846 (9th Cir. 2007) (en banc), we affirm.

1.      The ACCA's residual clause defines "violent felony" to include "any crime punishable by imprisonment for a term exceeding one year" that "otherwise involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B). We have previously held that Oregon first-degree burglary categorically qualifies as a violent felony under the ACCA's residual clause. *United States v. Mayer*, 560 F.3d 948, 963 (9th Cir. 2009).

2.      Ellison argues that the residual clause is void for vagueness because it does not "provide a person of ordinary intelligence fair notice of what is prohibited." *United States v. Williams*, 553 U.S. 285, 304 (2008). However, "[w]e consider whether a statute is vague as applied to the particular facts at issue, for a plaintiff who engages in some conduct that is clearly proscribed cannot complain of the vagueness of the law as applied to the conduct of others." *Holder v.*

*Humanitarian Law Project*, 130 S. Ct. 2705, 2718-19 (2010) (internal quotation marks and alteration omitted).

Ellison was found with firearms on September 5, 2010. It was clear on that date that Oregon first-degree burglary qualified as an ACCA predicate offense. *See Mayer*, 560 F.3d at 963 (published March 16, 2009). Thus, Ellison was "on notice that [his] particular course of conduct [could] result in a mandatory minimum prison term of 15 years." *James v. United States*, 550 U.S. 192, 216 (2007) (Scalia, J., dissenting). Ellison may not complain that the residual clause is vague as applied to others.

Accordingly, the judgment of the district court is **AFFIRMED.**